UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BRENDA SUE STEPHENS,

        Debtor.

_____/

Case No. 11-04927
Hon. Scott W. Dales
Chapter 7

THOMAS C. RICHARDSON, Chapter 7
Trustee,

        Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY and WMC MORTGAGE
CORPORATION,

        Defendants.

_____/

Adversary Pro. No. 11-80383

OPINION AND ORDER REGARDING
DEFENDANTS' SUMMARY JUDGMENT MOTIONS

PRESENT:    HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

Chapter 7 Trustee Thomas C. Richardson (the "Plaintiff" or "Trustee") filed a complaint to invalidate a mortgage and set aside the foreclosure sale of the Debtor's home under 11 U.S.C. §§ 541 and 544(a)(3). The premise of the Trustee's complaint, as amended, is that neither Deutsche Bank National Trust Company ("Deutsche Bank" or the "Bank") nor WMC Mortgage Corporation ("WMC") held the mortgage against the Debtor's property, and therefore the prepetition foreclosure of that mortgage should be set aside as invalid under state law. In a nutshell, Plaintiff challenges the assignment,

perfection, and enforcement of Deutsche Bank's mortgage.  For the reasons that follow, the court will grant the Defendants' motions.

## I.   JURISDICTION

The court has jurisdiction of the Debtor's case pursuant to 28 U.S.C. § 1334(a), and the adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K) & (O).  The parties waived any issues regarding the court's authority to enter final judgment in accordance with the court's Pretrial Order dated Nov. 30, 2011 (the "Pretrial Order," DN 17).

## II.   SUMMARY JUDGMENT STANDARDS

The Defendants each filed a motion for summary judgment,[1] but the Plaintiff failed to file a response within the time prescribed in the Pretrial Order or seek additional time to respond.  The summary judgment record, comprised mainly of documents attached to the Bank's Motion, includes copies of the Defendants' note, mortgage, recording information, assignment documents, foreclosure documents, and even a state court judgment validating Deutsche Bank's interest in the subject property.

Faced with a properly supported motion for summary judgment, the court must enter judgment if the moving party shows that there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a).

---

[1] The court shall refer to Deutsche Bank's summary judgment motion (DN 26) as the "Bank's Motion" and to WMC's summary judgment motion (DN 27) as "WMC's Motion."

In making its decision, the court must identify the undisputed facts included within the summary judgment record, and draw inferences in favor of the nonmoving party. *Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 565 (6th Cir 2006), *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 547 (1986). The court's task is not to resolve factual disputes, but simply to spot them.  In the absence of a factual dispute and with the law on the moving party's side, the court should grant the summary judgment motion.

### III.    ANALYSIS

Based on the Bank's Motion, the court summarizes the following undisputed facts:

- On June 27, 2006, Brenda S. Stephens (the "Debtor") purchased the property located at 10406 East MN Avenue, Galesburg, Michigan ("the Property").

- On or about July 28, 2006, the Debtor executed a note payable to WMC and a mortgage granting a lien against the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for WMC.

- The Mortgage contained a power of sale provision.

-  The original Mortgage was lost and not recorded.

- An Affidavit of Lost Mortgage, along with a copy of the mortgage, was recorded on January 8, 2007 with the Kalamazoo County Register of Deeds.

- On September 1, 2009, MERS assigned the mortgage to the Bank and recorded the assignment with the Kalamazoo County Register of Deeds.

- WMC transferred the note to the Bank.

- The Debtor defaulted in making payments.

- The Bank initiated non-judicial foreclosure proceedings pursuant to its power of sale and Michigan law.

- On February 4, 2010, a deputy sheriff conducted the foreclosure sale at which the Bank was the successful bidder.

- Pursuant to the Sheriff's Deed issued after the foreclosure sale, February 4, 2011 marked the end of the statutory redemption period.

- On February 9, 2010, the Sheriff's Deed was recorded with the Kalamazoo County Register of Deeds.

- On or about September 8, 2010, the Bank and the Debtor signed, and the Kalamazoo County Circuit Court entered, a consent order (the "Consent Order") quieting title to the subject property in the Debtor, subject to the Bank's mortgage.

- The Consent Order also validated the assignment of the mortgage to the Bank.

- On April 29, 2011, the Debtor filed a voluntary chapter 7 petition.

- On August 17, 2011, the Trustee filed his complaint to avoid the Bank's mortgage and set aside the foreclosure sale.

### A.  <u>WMC's Motion</u>

As for WMC's Motion, WMC asserts without contradiction that it simply originated the mortgage and no longer holds any interest after its assignment to or for the benefit of the Bank. The undisputed facts set forth in the Bank's Motion corroborate WMC's position.  Having assigned the mortgage, WMC took no part in the foreclosure

action at issue in the Trustee's complaint. The Consent Order declares that WMC's assignment of the mortgage to the Bank is valid, and that judicial declaration deserves full faith and credit in this court under 28 U.S.C. § 1738. Accordingly, WMC has no interest in the subject matter of this adversary proceeding, and therefore the Trustee does not have a claim against that entity. The court will grant WMC's Motion.

**B.   The Bank's Motion**

The Bank's Motion is a bit more complicated, but also not opposed. Through its motion, Deutsche Bank asks the court to find that (1) the Plaintiff lacks standing to challenge the assignment from WMC or MERS; (2) the Plaintiff has no right to set aside its mortgage; (3) the Sheriff's Deed effectively vested title to the Property in the Bank. The court will address each challenge in turn.

1.   Trustee's Standing to Challenge Assignment

The recent and persuasive authority that Deutsche Bank offers on the first point establishes that the Trustee lacks standing to challenge the assignment. *See Livonia Property Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d. 724, 746 (E.D. Mich. 2010), *aff'd*, No. 10-1782, 399 Fed. App'x 97, 2010 WL 4275305 (6th Cir. Oct. 28, 2010). Similarly, the combined effect of the Consent Order and 28 U.S.C. § 1738 doom the Trustee's case on this point, to the extent the Trustee asserts rights derived from the Debtor.

2.   <u>Trustee's Challenge to Validity & Perfection</u>

With respect to the Trustee's challenge to Deutsche Bank's perfection based primarily on *Turner-Lewis v. Pub. Serv. Credit Union (In re Neal)*, 406 B.R. 288 (Bankr. E.D. Mich. 2009), and the Bank's recording of a lost mortgage affidavit, the Trustee fares no better.

Because the Trustee apparently relies on 11 U.S.C. § 544(a)(3) and his rights as a *bona fide purchaser* ("BFP"),[2] the question is whether a BFP under Michigan law could take free of Deutsche Bank's mortgage and whether the Trustee would be considered a BFP of the Property under Michigan law. *Treinish v. Norwest Bank Minn. (In re Periandri)*, 266 B.R. 651, 655 (6th Cir. B.A.P. 2001) ("[S]tate law determines the extent of the trustee's rights under § 544(a)(3)"). On this point, the court finds the analysis in *Camacho v. Homeq Servicing Corp. (In re Camacho)*, 311 B.R. 186 (Bankr. E.D. Mich. 2004), more persuasive than the analysis in *Neal*. As the *Camacho* court notes under Michigan law, the purpose of recording is to put subsequent purchasers on notice, to raise a "red flag" alerting them to a claimed interest in property. The recording of the Bank's affidavit provides constructive notice and would therefore be effective against subsequent purchasers. *See In re Camacho*, 311 B.R. at 190-91. *Neal*, in contrast, takes a more technical approach, noting that, unlike a mortgage, an affidavit does not convey an interest in property under Michigan law. The observation is true as far as it goes,[3] but the issue under 11 U.S.C. § 544(a)(3) is notice and its effect on subsequent purchasers. No Michigan real estate lawyer worth his or her salt would advise a prospective buyer of the

---

[2] *See* First Amended Complaint (DN 21) at ¶ ¶ 46-47.

[3] *See Richardson v. Citimortgage, Inc. (In re Emerson)*, 2011 WL 4634225, *3 n.1, 464 B.R. 61 (6th Cir. B.A.P. 2011) (unpublished table) (distinguishing *Neal* on the ground that the bankruptcy court's opinion was based on 11 U.S.C. § 544(a)(1) rather than § 544(a)(3)).

Property to ignore Deutsche Bank's lost mortgage affidavit, precisely because its recording puts subsequent purchasers on notice of the Bank's interest.

3.   Sheriff's Deed & Bank's Title

Having failed to oppose the motions, the Trustee offers nothing to undermine the Sheriff's Deed or the foreclosure-related documents.

The court is constrained, however, to address a seeming inconsistency in the Bank's Motion regarding the present state of title to the Property.  On the one hand, the Bank argues that its mortgage lien was "extinguished by the foreclosure" and that the Sheriff's Deed, after the redemption period ran, vested title to the Property in Deutsche Bank as the successful bidder.  *See* Brief in Support of Defendant's Motion for Summary Judgment on Plaintiff's First Amended Complaint ("Bank's Brief," DN 26-1) at p. 1.  On the other hand, Deutsche Bank argues, "the lien *now held* by Defendant is a valid lien." *Id.* at p. 8 (emphasis added).  These two statements are legally inconsistent, but the confusion is not surprising given the fact that the Consent Order —which clearly postdates the foreclosure sale and recording of the Sheriff's Deed—  states that title is vested in the Debtor, and validates the Bank's mortgage.  It is fair to say that the Bank's Brief and the Consent Order are both somewhat imprecise, if not inconsistent, on a very important point.

Under 28 U.S.C. § 1738, the court is required to give the Consent Order the same full faith and credit that it would receive in the rendering state.  To do so, the court predicts that a Michigan court would not construe the Consent Order as invalidating the foreclosure sale.  Indeed, there is nothing in that document expressly invalidating the

sale.  Moreover, the entire tenor of the document favors Deutsche Bank by upholding its mortgage and rights as WMC's assignee.

Rather, the court interprets the Consent Order as an attempt to reconcile or describe the uneasy state of affairs that exists during the statutory redemption period. More specifically, legal title did not vest in Deutsche Bank (as purchaser) immediately at the foreclosure sale on February 4, 2010.  Instead, immediately after the sale, the Debtor retained bare legal title, but lost the equity of redemption.  After the foreclosure sale, Deutsche Bank acquired equitable title, which would later ripen into full title, but only after the statutory redemption period expired on February 4, 2011 (assuming no redemption). *See Bankers Trust Co. of Detroit v. Rose*, 33 N.W.2d 783, 785 (Mich. 1948); *Gerasimos v. Continental Bank*, 212 N.W. 71, 73 (Mich. 1927). This follows from the statutory provision that postpones the full effect of a sheriff's deed until after redemption rights expire.  *See* M.C.L. § 600.3236 ("Unless the premises described in such [sheriff's] deed shall be redeemed within the time limited for such redemption  . . . such deed shall thereupon become operative . . ."); *see, generally, Young v. United States (In re Young)*, 48 B.R. 678, 680 (Bankr. E.D. Mich. 1985) (explaining post-foreclosure state of title).  Although the Consent Order stated that Deutsche Bank's mortgage is valid, and although that statement is inconsistent with the fact of the earlier foreclosure sale and its effect under Michigan law,[4] it would be unreasonable to interpret the Consent Order as unwinding the foreclosure sale under the circumstances presented in Deutsche Bank's amply supported and unopposed summary judgment motion.

---

[4] *Gerasimos*, 212 N.W. at 73 ("A foreclosure of a mortgage extinguishes it").

## IV. CONCLUSION & ORDER

The court has fully considered the Trustee's First Amended Complaint, and without the benefit of his arguments in response to the Defendants' motions, the court perceives no colorable basis for granting the Trustee any relief. On the contrary, the undisputed facts and applicable law warrant judgment dismissing his case on the merits.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows: (1) WMC's Motion (DN 27) is GRANTED; (2) the Bank's Motion (DN 26) is GRANTED; and (3) the Clerk shall enter judgment dismissing the Trustee's First Amended Complaint with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Ronald W. Ryan, Esq., Kenneth A. VanNorwick, Esq., and Timothy L. Taylor, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated May 21, 2012**



Scott W. Dales
United States Bankruptcy Judge